```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,         :

      Plaintiff,              :

  v.                                :  Case No. 2:08-cr-075(1)

Mark K. Morelock,                 :  JUDGE GRAHAM

      Defendant.              :

### DETENTION ORDER

    The Court held a detention hearing in this case on April 28, 2008.  After hearing argument, the Court detained the defendant without bond.  The reasons for that action are set forth below.

    Defendant was charged in an indictment with possessing marijuana with the intent to distribute it.  That offense allegedly occurred in April, 2008.  The charge carries with it a presumption of detention, explained as follows.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this

title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other

applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominquez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

No evidence was presented at the hearing, so the Court relies primarily upon the report prepared by the Pretrial Services office.  According to that report, defendant has resided in Vinton County, Ohio for almost twenty years.  For the past eight years, he has been employed at the Wonder Bread factory.  In 1987, he was convicted in Texas of aggravated possession of marijuana.  Although he initially received probation, he violated that probation and was sent to prison in 1991 for five years.  It appears that he committed several new felonies while on probation because he was also sentenced in 1991 on both state and federal felony charges in Texas.  In 1996, he was convicted in this Court of the distribution of marijuana and sentenced to 46 months in prison, followed by three years of supervised release.  He is now back before this Court on another marijuana charge involving more than 100 kilograms of marijuana.

The defendant simply failed to rebut the presumption that he should be detained.  His history of drug offenses and of committing offenses while under supervision more than offset his

ties to the Ohio area and his recent employment history.  There is strong evidence that he persistently disregards the law and continues to engage in drug trafficking notwithstanding the punishment he has received for such conduct in the past.  No release conditions could deter him from similar misconduct.  For all of these reasons, the Court detained the defendant without bond pending trial.

    The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).


                                          <u>/s/ Terence P. Kemp</u>
                                          United States Magistrate Judge